FILED'06 MAY 23 15:57 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 98-529-4-JO |
| | ) | (Civil No. 05-1778-JO) |
| v. | ) | |
| | ) | O R D E R |
| WALTER J. HOYT, III, | ) | |
| | ) | |
| Defendant. | ) | |

Allan M. Garten
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Of Attorneys for United States of America

Walter J. Hoyt, III
Reg. No. 63197-065
FCI Terminal Island
P. O. Box 3007
Terminal Island, CA 90731

    Defendant Pro Se

JONES, Judge:

Petitioner Walter J. Hoyt, III, who is proceeding *pro se,* brings this petition (# 426) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Also before the court are Hoyt's motion for leave to file motion for reconsideration (# 427) and his motion for reconsideration of defendant's motion to rewrite the presentence report (# 428). For the reasons set forth below, Hoyt's § 2255 motion is denied, and all other pending motions are denied as moot.

## PROCEDURAL HISTORY

On February 12, 2001, a jury found Hoyt guilty of one count of conspiracy to commit fraud, thirty-one counts of mail fraud, three counts of bankruptcy fraud, and seventeen counts of money laundering. On June 19, 2001, I sentenced Hoyt to 235 months of imprisonment, the top of the range provided for by the Federal Sentencing Guidelines ("Guidelines"), based in part on my finding that Hoyt had a leadership role in an organization that defrauded approximately 4,000 investors out of $102,154,302, using a fictitious cattle breeding program and IRA investment scheme. At the sentencing hearing, Hoyt's counsel moved to strike portions of the Presentence Report ("PSR"), and although that motion was denied, the PSR was modified in some respects.

Hoyt directly appealed his conviction and sentence, both of which were affirmed by the Ninth Circuit Court of Appeals on September 19, 2002. United States v. Hoyt, 47 Fed. Appx. 834, 835 (9th Cir. 2002). The United States Supreme Court denied Hoyt's petition for a writ of certiorari on February 24, 2003. Hoyt v. United States, 537 U.S. 1212 (2003). Hoyt filed

---

[1] Hoyt did not move to appoint counsel in connection with his § 2255 petition, so counsel has not been appointed by this court.

2 - ORDER

the instant petition on November 21, 2005, seeking to rewrite the PSR to strike all facts relied upon by the court to enhance his sentence beyond the Base Offense Level provided by the Guidelines, because such facts were not found by the jury using the "beyond a reasonable doubt" standard. *See* <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Hoyt contends that if the PSR is rewritten to remove the enhancements for loss in excess of $102 million, leadership role, use of sophisticated means, and abuse of position of trust in the commission of the offenses, his sentence would be reduced from 235 months to 58 months under the Guidelines, making him eligible for immediate release from prison.

## DISCUSSION

Section 2255 contains a 1-year limitations period, which runs from the latest of one of the following occurrences:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Hoyt's conviction became final on February 24, 2003, when the Supreme Court denied review, his § 2255 petition is time-barred unless some other circumstance extended the limitations period beyond February 24, 2004. *See* <u>United States v. LaFromboise</u>, 427 F.3d 680, 683 (9th Cir. 2005) (noting that a judgment of conviction is "final" when a petition for certiorari is finally decided).

3 - ORDER

In his reply brief, Hoyt contends that the Supreme Court decision in United States v. Booker, 543 U.S. 220, which was handed down on January 12, 2005, represents a new "fact" in support of his claim,[2] so that the statute of limitations was tolled until that date. See 28 U.S.C. § 2255, ¶ 6(4). Hoyt's argument is without merit. The only circumstance that could potentially extend the 1-year limitations period in this case is a right newly recognized by the Supreme Court that was made retroactively applicable to the case on collateral review. See 28 U.S.C. § 2255, ¶ 6(3). Neither Booker, *supra*, nor Blakely v. Washington, 542 U.S. 296 (2004), both of which were issued after Hoyt's conviction became final, apply to this case because neither decision is retroactive to cases on collateral review. See United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005) (holding that Booker does not apply retroactively); *and see* Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005) (holding same for Blakely).

Hoyt also cannot obtain the relief he requests under Apprendi, *supra*, because "he fails to satisfy the threshold condition of Apprendi that the actual sentence imposed be longer than the maximum sentence for the crime for which . . . [he was] validly convicted." See United States v. Ellis, 241 F.3d 1096, 1104 (9th Cir. 2001). The statutory maximum penalties for Hoyt's convictions were, respectively, 5 years for one count of conspiracy to commit fraud (18 U.S.C. § 371); 5 years for each of the thirty-one counts of mail fraud (18 U.S.C. §§ 2, 1341), for a total of 155 years; 5 years for each of the three counts of bankruptcy fraud (18 U.S.C. §§ 2, 152(1), (2) & (3)), for a total of 15 years; and 10 years for each of the seventeen counts of money laundering

---

[2] Specifically, Hoyt contends the Supreme Court's holding, in Booker, 543 U.S. at 245, that the rule announced in Apprendi -- that the Sixth Amendment is violated by imposing an enhanced sentence based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant -- now applies to the Federal Sentencing Guidelines, is the newly discovered factual event that supports his § 2255 claim.

4 - ORDER

(18 U.S.C. §§ 2, 1957), for a total of 170 years. The sum of the statutory maximums for all of the offenses for which Hoyt was convicted amounts to 345 years. See <u>United States v. Iniguez</u>, 368 F.3d 1113, 1116-17 (9th Cir. 2004) (noting that the upper limit for sentencing is the sum of the statutory maximums). Because the 235-month sentence I imposed on Hoyt is well below the statutory maximum for the egregious crimes he committed, his <u>Apprendi</u> argument is completely without merit.

## CONCLUSION

Based on the foregoing, petitioner's Motion to Vacate or Correct under 28 U.S.C. § 2255 (# 426) is DENIED. In addition, based on my ruling with respect to petitioner's § 2255 motion, there is no justification for rewriting any portion of the PSR; accordingly, petitioner's Motion for Leave to File Motion for Reconsideration (# 427) and petitioner's Motion for Reconsideration (# 428) are DENIED AS MOOT.

DATED this 23rd day of May, 2006.

_____
ROBERT E. JONES
U.S. District Judge