IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 98-529-4-JO |
| | ) | (Civil No. 05-1778-JO) |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| WALTER J. HOYT, III, | ) | |
| | ) | |
| Defendant. | ) | |

    Allan M. Garten
    Amy E. Potter
    UNITED STATES ATTORNEY'S OFFICE
    1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204

     Of Attorneys for United States of America

    Walter J. Hoyt, III
    Reg. No. 63197-065
    FCI Terminal Island/LEGAL MAIL
    P. O. Box 3007
    Terminal Island, CA 90731

     Defendant Pro Se

JONES, Judge:

Petitioner Walter J. Hoyt, III, who is proceeding *pro se*, brings this motion for reconsideration (#436) pursuant to Fed. R. Civ. Pro. 60(b)(6). Petitioner seeks to set aside this court's May 23, 2006, Order (#435) denying petitioner's § 2255 motion to vacate, set aside or correct his sentence. For the reasons set forth below, petitioner's motion for reconsideration is denied.

The parties are familiar with the procedural history of this case, which was summarized in the May 23, 2006, Order. In his current motion, petitioner contends that the court erred in finding that his § 2255 habeas corpus was time barred. Petitioner again argues that the United States Supreme Court may decide that Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), are retroactively applicable to cases on collateral review, thereby allowing him to circumvent the applicable one-year statute of limitations. *See* 18 U.S.C. § 2255 (3).

Petitioner's argument is without merit. I find that he has not demonstrated any extraordinary circumstances that would justify granting the relief he requests pursuant to Rule 60(b)(6). In fact, the Supreme Court decided on January 9, 2007, not to visit the question of whether Blakely applies retroactively on collateral review, and instead held that when a habeas petitioner files a second or successive petition without obtaining authorization from the Court of Appeals, a district court lacks jurisdiction to entertain the petition. Burton v. Stewart, 127 S.Ct. 793 (2007). Accordingly, to the extent that petitioner seeks a second opportunity to litigate the propriety of his underlying sentence, it is a second or successive § 2255 motion.

Because he has not obtained permission from the Ninth Circuit Court of Appeals to file such a motion, it is not properly before this court, and must be dismissed.

## CONCLUSION

Based on the foregoing, petitioner's motion (#436) for reconsideration pursuant to Fed. R. Civ. Pro. 60(b)(6) is DENIED.

DATED this 2nd day of February, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge